**Milo CRAIG, Plaintiff in Error,**

v.

**CITY OF ENID, Defendant in Error.**

**No. A–12255.**

Criminal Court of Appeals of Oklahoma.

Feb. 21, 1956.

A. O. Manning, C. B. Wood, Fairview, for plaintiff in error.

Harold L. Gasaway, City Atty., Enid, for defendant in error.

JONES, Presiding Judge.

This prosecution was commenced in the Municipal Court of the City of Enid wherein the defendant, Milo Craig, was charged with a violation of a city ordinance, to wit: driving an automobile on a street in Enid while intoxicated. After a conviction in the Municipal Court, an appeal was taken to the County Court of Garfield County, where a trial de novo was had before the county judge, a jury being waived. The defendant was found guilty and given the maximum fine of $20.

Upon appeal the only contention presented is that the evidence is insufficient to support the conviction.

J. G. Coil, a policeman of Enid, testified that on the evening of October 28, 1953, he saw the defendant driving a car on North Grand Street at a fast rate of speed, weaving and cutting in and out of traffic. He pursued the automobile and after it was stopped he saw it was being driven by defendant who the officer swore was intoxicated. The officer said, "He was unsteady on his feet, his face was flushed, his eyes were bloodshot, his hair was messed up, his clothes were in disorder. There was a wet spot on his pants." Two men and two women were in the automobile with the defendant. The officer called over the patrol radio for assistance and Officers Richardson and Yock came to assist him. Officer Richardson corroborated the testimony of Officer Coil as to the drunkenness of the accused. Other officers who saw the accused at police headquarters also testified that in their opinion he was intoxicated.

The defendant and his witnesses testified that the defendant lived at Ringwood and was asked by his two male companions to take them to Enid to see their girl friends who were nurses at the Enid hospital. Before leaving Ringwood each of the men took a drink of whiskey. After arriving at the apartment occupied by the nurses, the defendant took another drink and the other parties drank considerably more than defendant. They testified that as they were proceeding down Grand Avenue they commenced to try to make the defendant take another drink of whiskey and defendant commenced fighting them off which caused his car to weave. That they poured whiskey on defendant's head and some of it spilled down on his clothing which ac-

counted for the strong odor of whiskey about the accused and the wet spot on his pants.

A sporting goods dealer corroborated their testimony as he said defendant stopped in his store just prior to his arrest to buy some duck decoys and that he was not under the influence of intoxicants at that time.

The above summary of the evidence shows that there was a disputed factual question to be determined by the trial court. Where a jury is waived, the trial court's finding on such disputed question is binding on this court unless we can find from the record that his judgment was rendered because of passion or prejudice or can conclude from the record that there was no basis in the evidence for such judgment. Here there was ample evidence to sustain the judgment of conviction.

Affirmed.

BRETT and POWELL, JJ., concur.